IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Kansas Housing Resources Corp.,**

    **Plaintiff,**

v.                      Case No. 05-2407-JWL

**N.E.A.R., Inc.,**

    **Defendant.**

## MEMORANDUM & ORDER

Plaintiff filed suit against defendant seeking to enforce the terms of a settlement agreement executed by the parties. Defendant filed a counterclaim seeking funds it is allegedly owed under the terms of the agreement. This matter is presently before the court on plaintiff's motion for partial judgment on the pleadings (doc. 15). Specifically, plaintiff moves the court to enter judgment in its favor on defendant's counterclaim. For the reasons explained below, the motion is granted.

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed under the same standard applicable to a Rule 12(b)(6) motion. *See Society of Separationists v. Pleasant Grove City*, 416 F.3d 1239, 1241 (10th Cir. 2005). Thus, judgment on the pleadings is appropriate "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief," *id.*, or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

Plaintiff Kansas Housing Resources Corporation (KHRC) is a subsidiary corporation of the Kansas Development Finance Authority and was created to conduct the housing functions

formerly conducted by the Kansas Department of Commerce and Housing (KDCH), now known as the Kansas Department of Commerce. KHRC is the successor-in-interest to KDCH with respect to certain housing functions at issue in this case. Defendant N.E.A.R., Inc. (NEAR) is a Kansas corporation that entered into a grant agreement with KDCH in order for NEAR to develop affordable housing for lower income tenants with financing from KDCH. Prior litigation between KDCH and NEAR arising out of the grant agreement resulted in a settlement agreement between the parties. Plaintiff KHRC has filed this suit alleging that NEAR has failed to perform its obligations thereunder and seeking specific performance of those obligations. In turn, NEAR has counterclaimed alleging that KHRC has failed to pay it certain funds allegedly owed under the agreement. Plaintiff seeks judgment in its favor on defendant's counterclaim.

Defendant's counterclaim and plaintiff's motion turn on paragraph 10 of the parties' settlement agreement. That paragraph states as follows:

> [KDCH] shall release to [NEAR] an additional allocation of HOME funds in the amount of $63,851.60 when the following conditions are met: (a) [NEAR] meeting the requirements in Paragraphs 1 through 7 of this agreement within six (6) months of the date of execution of the Agreement; (b) [NEAR] becoming recertified as a Community Housing Development Corporation (CHDC); and (c) [NEAR] providing a detailed itemization of the expenses, which must be properly reimbursable under HUD regulations and in a form satisfactory to [KDCH], for which the additional allocation will be expended.

NEAR does not dispute that it did not meet all of the conditions set forth in paragraph 10 of the parties' agreement. In fact, in its answer, NEAR expressly admits that it failed to meet the requirements of paragraphs 1, 2 and 3 of the agreement. Thus, it is undisputed that NEAR did not meet the condition set forth in subparagraph (a) of paragraph 10. In support of its motion, then,

2

plaintiff asserts that judgment in its favor on defendant's counterclaim is appropriate because the pleadings reveal that defendant has not satisfied the conditions precedent to payment under the agreement. NEAR contends that the language of paragraph 10 does not establish a condition precedent but instead represents a contractual promise on the part of KDCH.

Parties to an agreement may make one party's performance contingent on satisfaction of a condition. *Sternberg v. Secretary, Dep't of Health & Human Servs.*, 299 F.3d 1201, 1207 (10th Cir. 2002) (citing Restatement (Second) of Contracts § 226 (1981)).[1] If the condition does not occur, then performance is not required. *Id.* (citing Restatement (Second) of Contracts § 225(1), (2)). "An intention to make a duty conditional may be manifested by the general nature of an agreement, as well as by specific language." Restatement (Second) of Contracts § 226 cmt. a. Here, the parties' language clearly and expressly conditioned KDCH's obligation to pay additional funds on NEAR's performance of the acts set forth in subparagraphs (a), (b) and (c). While the court recognizes the general rule that ambiguous contract language should be interpreted as a promise rather than a condition, that rule is inapplicable in this case because, as noted, the language is not ambiguous and, in fact, could not be more plain. *See Sternberg*, 299 F.3d at 1207 n.5.; *accord Mirrow v. Barreto*, 2003 WL 22451987, at *2 (10th Cir. Oct. 29, 2003) (contractual language expressly stating that duty to perform was "conditioned upon" a specific event unambiguously created a condition precedent and not a promise).

---

[1] The parties do not address the issue of whether federal common law or state law applies to the interpretation of the settlement agreement. The court need not address the issue either, as the contract principles relevant to this dispute are the same under federal and Kansas law.

As it is undisputed that NEAR has not satisfied the conditions described in paragraph 10 of the parties' settlement agreement, performance on the part of KHRC is not required and KHRC is not obligated to pay any additional funds to NEAR. Judgment in favor of KHRC on defendant's counterclaim is granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for partial judgment on the pleadings (doc. 15) is **granted**; judgment in favor of plaintiff is entered on defendant's counterclaim.

**IT IS SO ORDERED.**

Dated this 26th day of January, 2006, at Kansas City, Kansas.

>                                         s/ John W. Lungstrum
>                                         John W. Lungstrum
>                                         United States District Judge